Ouria.per Harper, Chancellor.
— We concur with the Chancellor in thinking that the case comes within the principle of the decisions in the cases of Smith vs. Henry, 1 Hill Ch. 52, and Maples vs. Maples. Rice Eq. 310. And it does not seem to us material whether the conveyance be regarded as a mortgage or a sale. It was, evidently, the understanding of the parties, that it was a sale with the right of redemption, and in pursuance of this understanding, the premises were generally surrendered to the defendant Fuller; the defendant Steedman being permitted to retain the hundred acres in question. This is the case in which the law draws the inference, that this advantage was the consideration on which the preference was given to the creditor. The answer of Fuller is not- evidence to shew that it was upon a subsequent agreement to sell, that Steedman was put into possession ; nor is the testimony of Steedman material.
It is said in the case of Smith vs. Henry, that it makes no difference that an additional consideration is advanced at the time. In general, when a conveyance is set aside for fraud, it is within the discretion of the Court to decree the conveyance to stand as a security for the money actually paid. This is commonly done where there is no im- *33 putaiion of moral fraud, or the proof of actual fraud is in any degree doubtful: See McMeekin vs. Edwards, 1 Hill Ch. 294, and the cases there referred to. And this does not disagree with the case of Miller vs. Tollison, Sta. rep. Eq. 145, where a conveyance absolute on its face, having been made to secure a previous debt, & the grantee having fraudulently attempted to set it up as an absolute conveyance against creditors, the court would not allow it to stand as a security for the money actually due. As the rule of Smith vs. Henry is an inference of strict law, on account of the danger of any other construction ; as it may be that there was no corrupt agreement between the parties, but an act of spontaneous kindness and indulgence on the part of the grantee, perhaps it would be generally proper, when setting aside a conveyance on the legal inference alone, to decree it to stand as a security for any consideration advanced at the time.
In this case there was a consideration at the time. The defendant covenanted to pay off the mortgage to the Ordinary and the judgments having a lien on the land, which he has since done. But this is stronger than the ordinary case of money paid at the time. If a person having the oldest judgment against another, to the full value of the property, should take an assignment of the property in satisfaction of the judgment, this would not come within the rule of Smith vs. Henry. The assignee had already a right to be satisfied out of the property, in preference to all other creditors, and it could be no fraud on them to take from them what they never could have got. The mortgage to the Ordinary had the first lien on the land, and if, without taking a conveyance, the defendant had paid it off and taken an assignment to himself, he would have had the same priority. So if he had paid off the judgments having a lien on the land, and taken an assignment, his own judgments were entitled to' satisfaction out of the property, in preference to all subsequent liens, or creditors. And certainly there can be no wrong to the complainants or any subsequent creditors, that these claims should be first satisfied out of the land. The course of the English practice would be, to decree that the complainants should have the right to redeem, but it is the established practice *34 of our courts, to direct a sale of the land and the payment of the4proceeds to creditors according to their priorities. For this purpose, it will be necessary to order a sale of the entire tract of land. It is, therefore, ordered and decreed, that the commissioners take an account of the liens, existing on the land at the time of the conveyance, and which were satisfied by the defendant Fuller, including his own judgments; and of all other liens, prior or subsequent to the conveyance; that the complainants be at liberty to redeem the land by paying to the defendant Fuller, the amount which may be found due him on account of the said liens, extinguished by him on or before the first day of January next; or if they shall fail to do so, that the commissioner proceed on that, or some other convenient sale day, to sell the entire tract of land for cash, and that he pay the proceeds of the sale to the defendant Fuller and the other creditors of the said Thomas J. Steedman, according to the priority of the said liens. Costs to be paid out of the proceeds of the sale:
Young, for the motion,
/Sullivan, contra,
WM. HARPER.